[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION OF DEFENDANT ARGUS INVESTIGATIONSFOR SUMMARY JUDGMENT #143
Counts 3 and 7
As a matter of law the giving of a statement to an investigating police officer is not a statement qualifying for absolute privilege as one given as an essential step in a quasi CT Page 12146 judicial proceeding. Simply put, a police department is not a quasi-judicial body. The judicial proceeding to which such privilege attaches includes any tribunal which performs a judicial function. Petyan v. Ellis, 200 Conn. 243, 246 (1986). The characteristics of such tribunals were further enunciated inKelly v. Bonney, 221 Conn. 549, 567 (1992). A police department has no such adjudicative powers. They are nonexistent here. A police department, let alone an individual officer, does not hear and determine cases and issue judgments. The appellate courts here in Connecticut have consistently looked to see if the body in question performs such judicial functions. Field v. Kearns,43 Conn. App. 265, 271 (1996). Until that core inquiry is relaxed, this court is not persuaded by the law of other jurisdictions.
Denied.
Counts 4 and 8
The plaintiff argues that immunity enjoyed by the absence of "initiation" diminished by the presence of false information.McHale v. W.B.S. Corporation, 187 Conn. 444, 449 (1982). This remains good law.
Even upon the striking of paragraphs 12 and 13 from the plaintiff; counteraffidavit, there remains an unresolved material issue of fact as to whether in light of all the circumstances known to Mr. Guidone, actually or constructively, he in good faith, fully and fairly stated all the material facts within his knowledge.
Denied.
Licari, J.